Keith G. JOHNSON, Plaintiff,

v.

PORT OF SEATTLE and International Brotherhood of Electrical Workers, Local Union 46, Defendants.

No. C02–2386L.

United States District Court,
W.D. Washington,
At Seattle.

May 6, 2003.

Dwight T. Van Winkle, Seattle, WA, for Keith G. Johnson, plaintiff.

G. Val Tollefson, Michael K. Hemphill, Danielson Harrigan & Tollefson, Craig R. Watson, Port of Seattle, Legal Department, Richard H. Robblee, Rinehart & Robblee, Seattle, WA, for Seattle Port of, Local 46 International Brotherhood of Electrical Workers, defendants.

## ORDER REMANDING ACTION AND GRANTING ATTORNEY'S FEES

LASNIK, District Judge.

This matter comes before the Court on "Plaintiff's Motion to Remand for Lack of Federal Question and for Attorney Fees on Grounds of Defective Removal."[1] Plaintiff has sued his employer and his union for, among other things, breach of the collective bargaining agreement ("CBA") that governed the terms and conditions of his employment. Defendants timely removed this case from the King County Superior Court, arguing that, because the breach of contract claims "are based directly on rights created by a collective bargaining agreement," they are preempted by § 301 of the Labor Management Relations Act. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir.2000).

▪ Generally, a defendant in state court has the right to remove the case to federal court if the case could have been filed originally in federal court (*i.e.*, on federal diversity or federal question grounds). *See* 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is on the removing party (*Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985)), and the removal statutes are strictly construed against removal (*Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir.1990)).

Defendants' claim of federal jurisdiction is based on § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

None of the relevant facts is in serious dispute. The Port of Seattle was plaintiff's employer from 1976 until his termination in 1999. The Port has agreed to be bound by a form of contract negotiated between Local 46 and the Puget Sound Chapter of the National Electrical Contractors Association ("NECA"). NECA is a private entity formed by electrical contractors in the Puget Sound area to serve as their collective bargaining agent in negotiations with the union.[2] By signing a "Letter of Assent," the Port authorized NECA to act as its agent and became an "Employer" under the CBA. Decl. of Craig Watson (filed 3/19/03), Ex. A; Complaint, Ex. A at 1. The question, however, is whether the Port is an "employer" as that term is used in § 301(a).

▪ Pursuant to Section 2(2) of the Wagner Act, 29 U.S.C. § 152(2), "[t]he term 'employer' includes any person acting

---

1. In his reply, plaintiff requests oral argument. Pursuant to Local Civil Rule 7(b)(4), a request for oral argument must be made in the "motion or responsive memorandum," not in reply. In addition, the Court finds that this matter can be decided without oral argument. Plaintiff's request is, therefore, DENIED.

2. The only evidence offered in support of defendants' assertion that the Port is not a member of NECA is the Decl. of Bill Mirand. Mr. Mirand, who is an employee of Local 46, has no personal knowledge regarding NECA's membership. The Port is identified as a member on NECA's website, *www.necaseattle.org/members_mainl.html*. Although the import of this membership issue is not clear, for purposes of this motion, the Court will assume that the Port is not a member of NECA.

as an agent of an employer, directly or indirectly, but shall not include ... any State or political subdivision thereof ...." The Port does not dispute that it is a "political subdivision" of the State of Washington, as that term has been interpreted by the National Labor Relations Board and the Supreme Court. *NLRB v. Natural Gas Util. Dist.,* 402 U.S. 600, 604–05, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971). Rather, defendants argue that the exclusion of public entities from the reach of § 301 is irrelevant to this case because the contract at issue was negotiated between and signed by Local 46 and NECA, both of which are private entities.

The parties have not identified, and the Court has not found, any cases in which this precise fact pattern has been considered. Certain tenets have been established, however. First, Congress "enacted the § 2(2) exemption to except from Board cognizance the labor relations of federal, state, and municipal governments, since governmental employees did not usually enjoy the right to strike." *Natural Gas Util. Dist.,* 402 U.S. at 604, 91 S.Ct. 1746. At the time it enacted the Wagner Act, Congress was not willing to intrude upon the employment relationship between the State and its employees: considerations of state sovereignty and the Eleventh Amendment's grant of immunity from suit in federal courts militated in favor of the exclusion. *Crestline Mem'l Hosp. Assoc., Inc. v. NLRB,* 668 F.2d 243, 245 n. 1 (6th Cir.1982). In passing the Taft–Hartley Act, Congress incorporated the definitions contained in the Wagner Act, including the public entity exclusion. As compellingly reasoned by the Third Circuit, "the legislative silence during the passage of the Taft–Hartley Act with reference to the carrying forward of the exemption for states and political subdivisions, if it meant anything,

meant approval of the exemption." *Crilly v. Southeastern Pa. Transp. Auth.,* 529 F.2d 1355, 1363 (3rd Cir.1976).

■ Second, where a political subdivision is a party to the CBA, § 301(a) does not afford a basis for the exercise of federal jurisdiction. *Ayres v. International Bhd. of Elec. Workers,* 666 F.2d 441, 444 (9th Cir.1982); *Crilly,* 529 F.2d at 1362–63. Defendants argue, however, that because the Port did not sign the CBA, the public entity exclusion is inapplicable. This argument ignores the realities of the situation and would defeat the purposes of the exclusion. NECA and Local 46 negotiated a form contract which, until a contractor agreed to be bound thereby, applied to no one. The Port, facing the prospect of negotiating a CBA from scratch or signing on to the one that was already in place, signed the Letter of Assent, thereby agreeing to hire, employ, and fire members of Local 46 in compliance with the existing CBA. By signing the Letter of Assent, the Port also authorized NECA to act as its agent. The fact that NECA, an independent, private entity, negotiated and signed a form agreement had no impact on the terms and condition of plaintiff's employment: the CBA did not apply to plaintiff's employment until his employer, the Port of Seattle, adopted the contract NECA had already negotiated. The Port's signature on the Letter of Assent and its authorization of NECA as its agent are the relevant events which bind the Port and through which plaintiff's claims arise.[3] Plaintiff has brought suit for violations of a CBA to which both his employer and Local 46 are bound and which was signed by the Port's agent. The circuitous procedure by which the CBA came to apply to plaintiff's employment cannot be used to create causes of action which Con-

---

**3.** The fact that the CBA was signed by the employer's agent, rather than the employer

itself, is also irrelevant under 29 U.S.C. § 152(2).

gress expressly excluded. If the Port were able to avoid the public entity exclusion simply by having a private entity act as its agent during negotiations, the coverage of § 301(a) would be unnecessarily and unjustifiably expanded beyond the literal terms of the statute.

This is not, as defendants would have it, a case where plaintiff is attempting to defeat federal jurisdiction by arguing that the litigants are not parties to the CBA. *See, e.g., Smith v. Evening News Assoc.,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Whether plaintiff or the Port of Seattle signed the CBA is irrelevant to plaintiff's argument, which focuses solely on the Port's status as a political subdivision of the state. That status strips this Court of the jurisdiction it otherwise would have had over this matter, as discussed above.

Finally, defendants argue that remanding this matter to state court may result in inconsistent interpretations of the CBA. This is true. If an employee of one of the private employers that has adopted the CBA asserts a violation of a right created thereunder, the resulting litigation would proceed in federal court and the contract would be interpreted under federal law. In keeping with the Tenth and Eleventh Amendment concerns that prompted Congress to exclude political subdivisions from the reach of § 301, a similar suit brought be the employee of a public entity, such as the Port of Seattle, will be decided under state law. Congress' overarching desire to create a uniform body of labor law does not outweigh or countermand the clear and explicit exclusion of suits against public entities from federal jurisdiction. *See Crilly,* 529 F.2d at 1360.

For all of the foregoing reasons, plaintiffs' motion for remand is GRANTED. Because removal of this case was wrong as a matter of law, the Court will award the unnecessary litigation costs imposed on plaintiff. *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1106 n. 6 (9th Cir.2000); *Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 447 (9th Cir.1992). While plaintiff's statement of his actual expenses is high compared to other requests the Court has considered in the removal context, both the time spent and the hourly rates are reasonable in light of the novel, technical, and rather difficult theory defendants proffered in support of the removal. Pursuant to 28 U.S.C. § 1447(c), defendants are hereby ordered to pay $4,090.50 to plaintiff within ten days from the date of this Order.